IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CONNIE E. SMITH** and **REX T. SMITH**, )
Personal Representatives of the Estate of )
Rex M. Smith, )
)
      Plaintiffs, )
)
      v. )   2:15cv1128
)   **Electronic Filing**
**ALIEN FLIER, LLC** and **BRAND 44** )
**TRADING, LLC**, )
)
      Defendants. )

## **OPINION**

Plaintiffs commenced this wrongful death and survival action seeking redress for the death of their son. Plaintiffs advance causes of action for product liability, negligence and implied warranty. They request punitive damages, which has been set out at separate counts against each defendant. Presently before the court is Brand 44 Trading, LLC's motion to dismiss count VII of plaintiffs' complaint, which seeks punitive damages against Brand 44. For the reasons set forth below, the motion will be denied.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at 544. In other words, the allegations of the complaint must be grounded in enough of a factual

basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are "'merely consistent with' a defendant's liability." Id. Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678 ("'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"); Phillips v. County

of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

The facts read in the light most favorable to plaintiffs are as follows. Plaintiffs' 13 year-old son, Rex M. Smith, was visiting Vincent Allen's home on June 8, 2014. Complaint at ¶ 9. Vincent Allen had purchased and installed in his backyard a Brand 44 Slackers 90' Zipline Eagle Series and an Alien Flier Safety Stop Block and 1/2" Shock Cord. Id. at ¶ 10. The Brand 44 Slackers zip line did not come with a stop block mechanism nor did Brand 44 offer one at the time so Mr. Allen purchased and installed the Alien Flier Safety Stop Block. Id. at ¶ 11. The Brand 44 zip line also was sold without any warning regarding the purchase or use of stop blocks sold by other companies. Id. at ¶ 13. Brand 44 now sells a stop-block mechanism called the Bungee Brake, and the instruction manual for that product includes a warning that anchors can become projectiles and cause severe and fatal injuries. Id. at ¶ 14.

Mr. Allen installed the Brand 44 zip line and Alien Flier stop block according to the manufacturers' instructions. Id. at ¶ 15. The Brand 44 zip line and Alien Flier stop block were both used without any alteration to their original design and condition. Id. at ¶ 16. To secure the Alien Flier stop block Mr. Allen chose "option 1" provided on page six of the Alien Flier

Installation/Owner's Manual. This option instructed that consumers secure the bungee cord by tying it to a ground stake. Id. at ¶ 17. Mr. Allen utilized a cork-screw style ground stake.

As Rex was riding the zip line the trolley contacted the Alien Flier stop block. At that point the bungee cord attached to the stop block was placed under significant tension. The metal cork-screw ground stake to which the bungee cord was attached then became dislodged from the ground, at which point it became a projectile and followed a path towards the Alien Flier stop block at a high rate of speed. Id.at ¶ 20, 22. Rex's body was directly in the path of this steel projectile. Rex was struck in the back of the head by the ground stake, resulting in the fracturing of his skull and severe and irreparable trauma to his brain. Id.at ¶ 23, 24. Rex was transported to the Children's Hospital of Pittsburgh, where he was placed on life support. Plaintiffs thereafter determined it was best to remove their son from life support, and Rex died on June 10, 2014 at age 13. Id. at ¶ 25, 26.

Plaintiffs pray for punitive damages on the basis that 1) Brand 44 knew or should have known of the highly probable and potentially fatal risks attendant to anchoring a stop block to any object other than one permanently affixed to the ground or so heavy as to be immovable and it did not design against that risk, and 2) it failed to warn consumers of the risks inherent in their product. In doing so Brand 44 acted with wanton and reckless indifference to the rights of decedent and proximately caused his pain, suffering and death.

Defendant requests the court dismiss plaintiffs' claim for punitive damages on the basis that (1) it has been pled as a separate cause of action, and a party may not recover punitive damages separate and apart from an independent cause of action and (2) plaintiffs' complaint fails to plead sufficient facts to show an entitlement to punitive damages in any event. Plaintiffs counter that (1) it would be premature to dismiss their claim for punitive damages prior to giving them an opportunity to take discovery, (2) they did not intend to raise a separate cause of action

for punitive damages, and (3) they have set forth facts sufficient to support a claim for punitive damages.[1]

Defendant's argument that plaintiffs "claim" for punitive damages is subject to dismissal is unavailing for several reasons. First, a truncated assessment of defendant's recoverable damages is not a warranted undertaking at the pleading stage. The applicable federal pleading standards require a party to set forth a plausible showing of entitlement to relief pursuant to a cognizable theory of recovery. See Fowler v. UPMC Shadyside, 578 F.3d 203, 212-213 (3d Cir. 2009) ("It is axiomatic that the standards for dismissing claims under Federal Rule of Civil Procedure 12(b)(6) and granting judgment under either Federal Rule of Civil Procedure 50 or Federal Rule of Civil Procedure 56 are vastly different."). They do not require a plaintiff to meet a quantum of proof. Id. A plaintiff meets the pleading standards by advancing factual allegations that present a plausible showing that each element of the claim is or can reasonably be expected to be satisfied. And Twombly and its progeny do not mandate a micro or more nuanced analysis at this juncture. See Crestwood Membranes, Inc. v. Constant Services, Inc., 2016 WL 659105, *6 (M.D. Pa. Feb. 17, 2016) ("While Defendant is correct that i2M will need to prove that consequential damages 'were reasonably foreseeable and within the contemplation of the parties at the time they made the contract,' to recover consequential damages for breach of contract [], federal pleading standards simply do not require i2M to prove, in its Complaint, its entitlement to damages for properly stated causes of action."). Thus, we decline Brand 44's invitation to parse through each component of plaintiffs' claimed damages and scrutinize it for proof that will permit an ultimate recovery.

---

[1] Plaintiff concedes that punitive damages are not recoverable in a wrongful death action. They continue to pursue punitive damages pursuant to the survival action.

Second, plaintiff has sufficiently advanced a plausible showing for the recovery of punitive damages in any event. Pennsylvania law permits the recovery of punitive damages where it can be established that (1) the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. Hutchinson ex rel. Hutchinson v. Luddy, 870 A.2d 766, 772 (Pa. 2005), citing Martin v. Johns-Manville Corp., 508 Pa. at 171-72, 494 A.2d at 1097-98.

Of course, plaintiffs' asserted right to recover punitive damages is contingent upon their ability to establish liability for tortious conduct pursuant to one or more of the advanced causes of action. But as a general matter, under Pennsylvania product liability law "those who sell a product (i.e., profit from making and putting a product in the stream of commerce) are held responsible for damage caused to a consumer by the reasonable use of the product." Tincher v. Omega Flex, Inc., 104 A.3d 328, 382 (Pa. 2014) (citing Miller v. Preitz, 221 A. 2d 320, 334-35 (Pa. 1966)).

Brand 44 cannot dispute the factual assertions that (1) it sold a product to Vincent Allen, (2) individuals such as Rex were foreseeable users of the product, and (3) injury and death were caused to Rex as a result of reasonable use of the product. Plaintiffs further allege that (1) defendant knew or should have known of the highly probable and potentially fatal risks attendant to anchoring a stop block to any object other than one permanently affixed to the ground or so heavy as to be immovable and they did not design against that risk; and (2) defendant knew or should have known of the highly probable and potentially fatal risks attendant to anchoring a stop block to any object other than one permanently affixed to the ground or so heavy as to be immovable and they failed to warn consumers/users of the risks inherent in their product. It also is averred that defendant subsequently began to sell its own stop block and included such a warning.

Given the above allegations an issue of fact is raised as to when Brand 44 gained the knowledge needed to understand such a warning was appropriate. A reasonable inference can be drawn that it was prior to the sale and/or Rex's death. Taking these allegations to be true and drawing all reasonable inferences in plaintiffs' favor, plaintiffs have stated a claim with enough facts to suggest an entitlement to punitive damages, and have raised a reasonable expectation that discovery will reveal evidence of the elements necessary to satisfy their claim. Consequently, plaintiffs' ability to recover punitive damages which accompanies the causes of action attaching to the survival action cannot be eliminated under the guise of the federal pleading standards.

Brand 44 correctly posits that punitive damages cannot be recovered separate and apart from an independent cause of action. See Kirkbride v. Lisbon Contractors, Inc., 555 A.2d 800, 802 (Pa. 1989). But its assertion that plaintiffs' claim for punitive damages constitutes a separate cause of action and should therefore be dismissed relies primarily on Ruehl v. S.N.M. Enterprises, Inc., 2015 WL 237456, *2 (E.D. Pa. May 18, 2015). There, the court held that where a plaintiff's claim for punitive damages may be interpreted either as asserting an independent claim for relief or as one premised on the underlying claims, it should not be dismissed to the extent that it seeks punitive damages "as part of the damages calculation contingent on [the] substantive underlying claim." Id.

Here, as in *Ruehl*, plaintiffs' request for punitive damages is given its own separate heading and can therefore be interpreted as advancing an independent claim for relief. Notwithstanding any such construction, it also clearly appears to be premised on plaintiffs' substantive causes of action. Given that plaintiffs have pled causes of action that give rise to the ability to recover punitive damages and the pleading standards do not demand the exacting specificity advocated by Brand 44, the requested damage remedy must be permitted to move forward.

7

For the reasons set forth above, Brand 44's motion to dismiss the ability to recover punitive damages will be denied. An appropriate order will follow.

Date: September 30, 2016

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Victor H. Pribanic, Esquire
Ernest J. Pribanic, Esquire
Thomas P. Birris, Esquire
Stuart H. Sostmann, Esquire
Patrick L. Mechas, Esquire
Benjamin Sorisio, Esquire

(*Via CM/ECF Electronic Mail*)